NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1121

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 22288

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Doe appeals from a Superior Court judgment affirming his classification by the Sex Offender Registry Board (the board or SORB) as a level three sex offender.[1]  On appeal, Doe argues that the SORB hearing examiner improperly concluded that he posed a high risk of reoffense, a high degree of dangerousness, and that a substantial public safety interest was served by Internet publication of his registry information.  We affirm.

Background.  We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts

---

[1] A sex offender is classified as level three where SORB "determines that the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination" of registration information.  Doe, Sex Offender Registry Bd. No. 76819 v. Sex Offender Registry Bd., 480 Mass. 212, 214 (2018), quoting G. L. c. 6, § 178K (2) (c).

from the record." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011).

1. _The index offense_. On July 23, 1990, around 2 A.M., Doe broke into a home in Boston. Upon encountering a female resident, Doe told her that he needed money to buy drugs. Doe then held a gun to her head, threatened to shoot her, and proceeded to rape her vaginally with his penis. While Doe raped the victim, her husband was asleep in the same room. In 1991, Doe pleaded guilty to aggravated rape, the index offense, and a Superior Court judge sentenced Doe to incarceration for eighteen to twenty-five years.[2]

2. _SORB process_. In 2010, SORB classified Doe as a level three sex offender. Doe challenged the classification and, on May 5, 2020, a de novo hearing was held before a board hearing examiner. In support of its recommended classification, SORB relied upon documentary evidence including police reports from the index offense, Doe's criminal history, and disciplinary reports from the Massachusetts Department of Corrections. Doe introduced a letter of support from his parents, medical

---

[2] Doe was also convicted of, and imprisoned for, crimes associated with the aggravated rape offense, including assault by means of a dangerous weapon; assault and battery by means of a dangerous weapon; armed assault in a dwelling; armed robbery; and breaking and entering in the nighttime with the intent to commit a felony.

2

records, sex offender treatment program records, and scholarly articles on aging and sexual recidivism.

On June 23, 2020, the hearing examiner issued a written decision classifying Doe as a level three sex offender. Doe sought review in the Superior Court pursuant to G. L. c. 30A, § 14. See G. L. c. 6, § 178M. A judge denied Doe's motion for judgment on the pleadings and allowed SORB's cross motion for the same, affirming Doe's level three classification. Doe appealed.

Discussion. Doe does not dispute the facts underlying the hearing examiner's findings. Instead, Doe claims SORB's classification decision was arbitrary, capricious, and unsupported by substantial evidence because the hearing examiner used a "checklist approach" and failed to make reasoned determinations concerning Doe's risk to reoffend and the danger he presented to the public.

1. Standard of review. "We review a judge's consideration of an agency decision de novo," Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019), giving "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Id. at 88, quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015). "A

reviewing court may set aside or modify SORB's classification decision where it determines that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501). See G. L. c. 30A, § 14 (7).

The hearing examiner is required to make express findings as to each of the required elements, see Doe No. 496501, 482 Mass. at 656-657, and is required to consider a nonexhaustive list of twelve statutory factors, see G. L. c. 6, § 178K (1) (a)-(l), as well as any other information "useful" to the examiner's determinations of risk and dangerousness. G. L. c. 6, § 178L (1). See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 105 (2014). SORB's guidelines govern the application of each statutory factor, setting out thirty-eight relevant aggravating and mitigating considerations. See Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019) (Doe No. 23656), citing 803 Code Mass. Regs. § 1.33 (2016).

2. Adequacy of the hearing examiner's process and findings. Doe contends that the hearing examiner erred by engaging in a perfunctory "checklist" approach in determining Doe's level three classification, thus rendering the

4

classification arbitrary and unsupported by substantial evidence.  We disagree, as our review convinces us that the hearing examiner's reasoned analysis led to a classification conclusion based on substantial evidence.

In determining Doe's risk of reoffense and degree of future dangerousness, the hearing examiner applied the following risk elevating factors:  factor seven (extrafamilial victim)[3]; factor eight (weapon, violence); factor nine (alcohol and substance use); factor ten (contact with criminal justice system)[4]; factor eleven (violence unrelated to sexual assault); factor twelve (behavior while incarcerated)[5]; factor sixteen (public place); and factor nineteen (level of physical contact).  The examiner assigned increased weight to factors seven, eight, eleven, twelve, and nineteen; and full weight to factor sixteen.[6]

The examiner also considered the following five risk mitigating factors before concluding that their cumulative impact was insufficient to "offset the number of applicable Risk-Elevating Factors":  factor thirty (advanced age)[7]; factor thirty-one (physical condition); factor thirty-two (sex offender

---

[3] The victim was a stranger to Doe.
[4] Doe's adult criminal history contains more than fifty charges for violent, nonsexual, felony offenses.
[5] Doe incurred 238 disciplinary reports from the Department of Corrections from 2002 through 2018, for predominantly "major" violations.
[6] See 803 Code Mass. Regs. § 1.33 (2016).
[7] Doe was fifty-one years old at the time of the hearing.

5

treatment); factor thirty-three (home situation); and factor thirty-seven (other information related to the nature of sexual behavior). In support of this conclusion, the examiner reasoned that, first, Doe's significant disciplinary history, in addition to incurring new criminal charges and convictions for violent offenses while incarcerated, demonstrated that advancing age had not affected his "ongoing general criminality." Accordingly, the examiner gave only minimal weight to factor thirty.

Second, the examiner found that the evidence Doe submitted as relevant to his physical condition[8] (factor thirty-one) was inconsequential as a risk mitigating factor because it failed to identify a physical condition, diagnosis, or limitation necessary to meet the threshold for consideration.

Third, the examiner found Doe's submissions concerning his agreement to participate in sex offender treatment (factor thirty-two) were entitled to only minimal weight since he provided no verification of his actual participation in a suitable program.

Fourth, the examiner assigned moderate weight to Doe's home situation and support system (factor thirty-three), after

---

[8] Doe bore the burden to provide SORB with medical documentation that identified the condition along with a detailed description of the limitations related to that condition. See 803 Code Mass. Regs. § 1.33(31)(a) (2016). Here, Doe submitted a patient profile summary from a correctional institution.

finding that Doe's sponsors (his parents) had failed to express their knowledge of his sex offense history and had not proposed a suitable plan that included sufficient guidance and supervision for Doe.

Finally, the examiner gave no additional weight to factor thirty-seven (other information related to the nature of the sexual behavior) based on the articles Doe submitted related to offender recidivism because the same articles were previously cited in SORB's regulations. In other words, Doe's submission was redundant of materials the examiner would consider, independent of Doe's submission, in determining Doe's classification.

After consideration of the index sex offense and the application of the risk factors, the hearing examiner found clear and convincing evidence that Doe presented a high risk to sexually reoffend and a high degree of dangerousness. He further found that active dissemination of Doe's registry information was "in the interest of public safety to prevent women who are not acquainted with him from becoming victims of sex offenses."

Contrary to Doe's claim that the hearing examiner performed a perfunctory review to arrive at this classification, the record reflects the hearing examiner conducted a thorough and reasoned analysis of the statutory risk elevating and mitigating

7

factors before he concluded a level three classification was warranted. Doe's reliance on Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564 (2020), is misplaced. In that case, id. at 574, this Court found the hearing examiner abused his discretion by failing to afford proper attention to information central to Doe's risk to reoffend. By contrast, the hearing examiner in this case acted within his discretionary authority by carefully reviewing the appropriate risk mitigating factors and Doe's submissions in support thereof before assigning the evidence appropriate weight in his classification determination. "It is apparent from the hearing examiner's careful weighing of the factors, as set forth above, including his decision not to give full weight to some aggravating factors, that 'the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex.'" Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021), quoting Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012) (Doe No. 136652). That the hearing examiner attributed little weight to Doe's documentary evidence, as described above, speaks to the substance and applicability pursuant to G. L. c. 6, § 178K of each submission, not the manner of his review. See Doe No. 136652, supra (hearing

8

examiner has broad discretion in applying SORB's regulations).
In reviewing the hearing examiner's analysis of the risk
elevating and mitigating factors, we cannot say his approach
amounted to error.

Furthermore, the hearing examiner's conclusions that Doe
presented a high risk to reoffend sexually and a high degree of
dangerousness, are amply supported by clear and convincing
evidence such as the nature of the index offense[9] -- raping a
stranger victim while holding a gun to her head -- as viewed
through the lens of risk factors to include Doe's criminal
history, his inability to control his behavior while
incarcerated, and the lack of supportive environment proposed
upon his release.  See Doe No. 496501, 482 Mass. at 651
("Pragmatically, because past is prologue, a hearing examiner
would make this [degree of dangerousness] determination based on
the sexual crime or crimes that the offender committed in the
past").

Finally, the hearing examiner's analysis of the record
evidence and applicable risk factors supported his finding that
public and internet access to, and publication of, Doe's sex

---

[9] While Doe's index offense dates to 1990, the nature of the
offense was "relevant to a holistic assessment of the offender's
current degree of dangerousness" because Doe had "not had recent
opportunity to commit sexual offenses."  Doe No. 496501, 482
Mass. at 651.

offender registry information was necessary for the protection of the public despite the consequences to Doe.  See <u>Doe No. 23656</u>, 483 Mass. at 145-146.  Publication of Doe's registry information would enable members of the public to take precautions to avoid encountering Doe in potentially vulnerable situations.  <u>Id</u>.

<u>Conclusion</u>.  Reviewing the hearing examiner's analysis of the record before him and giving due weight to the board's expertise and specialized knowledge, we conclude that the classification decision is supported by substantial evidence. See G. L. c. 30A, § 14; <u>Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd</u>., 486 Mass. 749, 759 (2021).

<u>Judgment affirmed</u>.

By the Court (Blake, Grant & Smyth, JJ.[10]),

*Joseph F. Stanton*

Clerk

Entered:  June 30, 2023.

---

[10] The panelists are listed in order of seniority.